WILLIAMS and RICHARDS, JJ. (6th Dist)
sitting in place of POLLOCK and
ROBERTS, JJ.

**HORNBECK, J.**

We believe that this motion is well taken. The decision on the demurrer was not a final order nor judgment as defined by 11582 GC, as it does not conclude the rights of the parties as to the whole case or as to any branch thereof.

C. S. & C. R. R. Co. vs. Sloan, 31 Oh St 1,

Teaff vs. Hewett, 1 Oh St 511,

Longworth vs. McLally, 12 O. D. (Reprint) 2 Handy 131,

Hobbs vs. Beckwith, 6 Oh St 252.

The defendant might be acquitted of the immediate charge set up in the indictment, in which event he would be guilty of no offense, or he might be convicted of that charge and the proof be insufficient to show determination by conviction of two other offenses under the Crabbe Act.

In view of our decision on the motion it will not be required that we discuss the action of the trial court on the plea in abatement.

Kunkle, P J, and Allread, J, concur.

## INMAN v ELWORTHY-HELWICK CO

Ohio Appeals, 7th Dist, Lake Co
No 192. Decided Feb 5; 1931

and encumbrances except those noted in the Certificate. As the Certificate of Title issued to the Inmans contained a notation referring to the original deeds and stated that the title is subject to reservations, covenants and liens reserved therein, the information contained therein was of such a nature as to put the Inmans on inquiry and give them notice of the existence of provisions contained in the original deed from The Elworthy-Helwick Company. The Inmans are therefore not entitled to have the title to the premises quieted and the defendant The Hiawatha Club of the Lake Shore Boulevard Estates which has acquired all the rights of The Elworthy-Helwick Company, is entitled to a lien for the unpaid portions of the stipulated sums under the deed and there is now due the sum of $127.50, and it is also entitled to have the lien foreclosed and the premises sold. The cause is certified to the court of common pleas to carry the judgment and decrees into execution.

Farr and Richards, JJ, concur.

### WILLIAMS, J.

In our judgment, the provisions in the original deed relating to the payment of money by the grantee in making the unpaid amounts thereof a lien upon the property were valid provisions, and the promise to pay the same was made a part of the consideration for the conveyance. It is claimed, however, that even though the lien was valid in its inception that, as against the Inmans, it is ineffective for the reason that they were bona fide purchasers without notice and had a right to rely upon the Recorder's Transfer Certificate of Revised Title, given under the Torrens Act. Under 8572-25 GC, a subsequent purchaser of registered land who takes a certificate of title for value and in good faith, holds the same free from estates